| | | |
|---|---|---|
| IN THE MATTER OF THE SEARCH OF: | * | IN THE UNITED STATES |
| | * | DISTRICT COURT |
| THE TARGET DEVICE SEIZED FROM RAFAEL BERNABE, CURRENTLY IN THE POSSESSION OF FBI-BALTIMORE | * | FOR MARYLAND |
| | * | Case No.  **1:22-mj-02311-BAH** |

\* \* \* \* \* \* \* \* \* \* \*

## REPLY TO GOVERNMENT'S OPPOSITION

**NOW COMES,** Rafael Bernabe, through his attorney, Mark E. Sobel, Esquire, and the Law Offices of James E. Crawford, Jr. & Associates, LLC, and respectfully states as follows:

1. The government opposes Mr. Bernabe's request for an expungement and/or shielding of the search warrant application for three reasons. We respectfully submit this reply in response to each basis for opposition.

2. The government claims that this Court does not have jurisdiction to expunge or shield this case. This government cites to the case where the government was seeking to shield the search warrant. In this case, it is the subject of the search warrant requesting the shielding. As stated in our original motion, the Court does have ancillary jurisdiction to grant an expungement of even a criminal case. This is a simple search warrant application.

3. Furthermore, the Court frequently shields court filings from public review. This Court on numerous occasions shielded sentencing memorandum and various filings in cases involving sexual offenses and child pornography cases.

4. The government next argues that the search warrant was valid so it should not be shielded. This claim contorts Mr. Bernabe's request in this case. Mr. Bernabe is neither admitting nor denying the validity of the search warrant. He is simply arguing that the search warrant did not lead to the finding of any illegal activity and there were no charges filed in this case. Nevertheless, there is an extreme prejudice to him since the general public has access to an

affidavit detailing that he was subject to the investigation for possible possession of child pornography.

5.      The government's final argument is that the access to this case is protected by the 1st Amendment. Firstly, the government does not enumerate any reasons as to why the public needs to be able to access this information. The only reason is to embarrass and prejudice Mr. Bernabe. Secondly, if shielding this case would violate the 1st Amendment, then nearly every expungement statute in the United States should be struck down for violation of the 1st Amendment. The State of Maryland itself has an extensive expungement statute that allows numerous convictions (even felonies) to be expunged. I am unaware of any constitutional challenges made to the Maryland expungement statute.

6.      Based on the foregoing, Mr. Bernabe respectfully requests that this Honorable Court grant the instant motion and order the expungement and shielding of this case.

>                       Respectfully submitted,
>
>                       */s/ Mark E. Sobel*
>                       MARK E. SOBEL, ESQUIRE
>                       James E. Crawford, Jr & Associates, LLC
>                       999 Corporate Boulevard, Suite 100
>                       Linthicum, Maryland 21090
>                       (443) 709-9999
>                       mark@jamescrawfordlaw.com
>                       MD AIS/CPF Number: 1506040006
>                       Bar No. 19497
>                       Attorney for Rafael Bernabe

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on April 5, 2023, a copy of the foregoing Reply to Government's Opposition was served via ECF on the United States Attorney's Office of the District of Maryland.

*/s/ Mark E. Sobel*
MARK E. SOBEL, ESQUIRE