PDK/TFH
✓ FILED ___ ENTERED
___ LOGGED ___ RECEIVED
4:36 pm, May 11 2023
AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____JJ_____ Deputy

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE TARGET DEVICE SEIZED FROM RAFAEL BERNABE, CURRENTLY IN THE POSSESSION OF FBI-BALTIMORE | *<br>*<br>*<br>*<br>*      Crim. No. 22-mj-2311-BAH |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ORDER DENYING MOTION FOR EXPUNGEMENT AND SHIELDING (ECF 5)

Rafael Bernabe moves this Court "for expungement and shielding of this case." ECF 5, at 3. The Government opposes. ECF 7. Mr. Bernabe has filed a short reply. ECF 9. I have considered the record in this case and the parties' filings, and I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons noted below, the motion is DENIED.

The relevant facts of this matter are summarized in Mr. Bernabe's motion and appear to be generally undisputed. ECF 5. In short, on August 10, 2022, authorities secured a search warrant for a device seized from Mr. Bernabe. ECF 5, at 1. That warrant and the affidavit in support of the warrant were not sealed because the Government did not make that request. The affidavit included accusations that the device contained evidence, fruits, and instrumentalities of violations of federal law. ECF 3, at 9. The affidavit also contained additional information including statements allegedly made by Mr. Bernabe to law enforcement. *Id.* at 7–9. The warrant was executed on August 15, 2022. *See* ECF 4, at 1. Mr. Bernabe represents that the Government has not charged him with any criminal offenses and has returned the seized device. ECF 5, at 1.

Mr. Bernabe alleges that because the affidavit and warrant were not sealed, a quick internet search leads to at least two websites hosting a copy of the affidavit. ECF 5, at 2. Since some of the information contained in the affidavit is "extremely humiliating" to Mr. Bernabe, and noting

that no criminal charges were filed, Mr. Bernabe contends that the Court should "expunge and shield this case [from public view] as it is inhibiting [Mr. Bernabe's] ability to obtain gainful employment and [has resulted in] other negative effects[.]" *Id.*[1]

Mr. Bernabe fails to point the Court to relevant authority supporting the relief he requests. His motion cites to *United States v. McKnight*, 33 F. Supp. 3d 577 (D. Md. 2014). In *McKnight*, Judge Gauvey addressed an unopposed motion to expunge the record of a defendant's arrest (and subsequent charge) after the defendant successfully completed pre-trial diversion and the charge was dismissed. *Id.* at 579. After a thorough discussion, Judge Gauvey held that "[t]he authority to order expungement [of a dismissed charge] is a logical and not unlawful extension of the court's authority to manage its proceedings, vindicate its authority, and (in particular) effectuate its decrees." *Id.* at 582. Judge Gauvey then "balanced the interests of [the] Defendant, the Government and society," and found "that extreme or exceptional circumstances exist such that [the] Defendant is entitled to expungement of her arrest record and charge." *Id.* at 587. The opinion makes no reference to search warrant affidavits, and there is no authority cited therein that is directly applicable to the issue presented here.[2] Indeed, Mr. Bernabe concedes that he was "never actually charged with a crime," nor was there "any arrest or conviction in this case." ECF 5, at 2. These facts remove the instant matter from the orbit of *McKnight*.

---

[1] It bears noting that while Mr. Bernabe apparently seeks to remove this matter from the Court's public docket, the prejudice he describes rests on the actions of two private, non-government websites that are publicly sharing the affidavit in support of the warrant. ECF 5, at 1. It is unclear to the Court whether this impacts the Court's analysis or renders the issue moot. Given the Court's ruling on the motion, these questions can remain unanswered.

[2] This is likely because the remedy Mr. Bernabe appears to seek is explicitly disfavored by the Fourth Circuit. *See Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989) ("Concealing warrant papers after the warrant has been executed [is] error. If the content of the papers should not be disclosed, they should be placed under seal and docketed.").

The Government's brief response argues that "this Court lacks jurisdiction to grant the relief requested." ECF 7, at 1.  More specifically, the Government avers that "numerous circuits have found that district courts lack ancillary jurisdiction to hear requests for expungement on criminal records." *Id.*  While the Government's argument ignores *McKnight*—and other lower court cases in which federal courts have ordered expungement under various circumstances—it correctly notes that Mr. Bernabe has not directed the Court to authority permitting a court to "expunge" and "shield" a search warrant or its supporting affidavit.  *Id.* at 1–2.  Mr. Bernabe's reply similarly omits any authority for the relief requested beyond the claim that the Court routinely "shield[s] sentencing memorandum and various filings" from "public review."  ECF 9, at 1.

Mr. Bernabe's reply suggests that his motion may arguably be construed as one to *seal* the affidavit and, perhaps, the warrant itself.  *See supra* note 2.  However, Mr. Bernabe fails to make that specific request and similarly fails to apply the volume of caselaw addressing that issue.  In a short footnote, the Government makes the point that Mr. Bernabe does not request sealing of the affidavit, and states that sealing is inappropriate in any event because Mr. Bernabe "does not argue that his concerns about his personal reputation would somehow satisfy the requirements for sealing."  ECF 7, at 1 n.1.  Mr. Bernabe attempts to address this footnote in his reply.  ECF 9, at 1–2 (noting Mr. Bernabe's argument that "there is an extreme prejudice to him since the general public has access to an affidavit" alleging unlawful conduct associated with a device within his control).  However, a short back-and-forth over a footnote is a poor substitute for a formal motion and fulsome briefing on the question of sealing, and to make a ruling on that discrete issue would be premature at this time.

3

To be clear, caselaw exists supporting the Court's authority to seal a search warrant affidavit. *See, e.g.*, *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989) (finding that "the common law qualified right of access to [] warrant papers is committed to the sound discretion of the judicial officer who issued the warrant"); *Matter of Application & Affidavit for a Search Warrant*, 923 F.2d 324, 329 (4th Cir. 1991) (declining to find that a trial court abused its discretion in unsealing a search warrant affidavit but noting that "[t]his is not to say that a future court facing a similar situation would be prohibited from keeping portions of such documents from public view").[3] This authority may extend to the scenario where a person mentioned in an affidavit is not charged with a crime and the allegations in the affidavit present a risk of damage to that person's reputation and career. In the inverse scenario where the Government opposes *un*sealing an affidavit, the fact that individuals referenced in a search warrant affidavit were not criminally charged impacts the balance of interests that must be weighed in determining whether to unseal the search warrant affidavit. *See, e.g.*, *Certain Interested Individuals, John Does I-V, Who Are Emps. of McDonnell Douglas Corp. v. Pulitzer Pub. Co.*, 895 F.2d 460, 467 (8th Cir. 1990) ("In sum, we think the pre-indictment status of the Government's criminal investigation tips the balance decisively in favor of the privacy interests and against disclosure of even the redacted versions of the search warrant affidavits *at this time*."); *Matter of Up N. Plastics, Inc.*, 940 F. Supp. 229, 232 (D. Minn. 1996) ("Individuals who have not been indicted in a criminal investigation, but are implicated in criminal activity in a search warrant affidavit, may have a privacy interest in the affidavit."); *United States v. Ferle*, 563 F. Supp. 252, 254 (D.R.I. 1983) ("Where no indictments

---

[3] There can be no dispute that this authority extends to a Magistrate Judge, who routinely grants motions to seal search warrant affidavits and has the authority to "control access to judicial documents." *See In re U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 289 (4th Cir. 2013) (citing *Wash. Post Co. v. Hughes*, 923 F.2d 324, 326 n.2 (4th Cir. 1991)).

have issued against persons allegedly involved in criminal activity, there is a clear suggestion that, whatever their truth, the Government cannot prove these allegations. The court of public opinion is not the place to seek to prove them. If the Government has such proof, it should be submitted to a grand jury, an institution developed to protect all citizens from unfounded charges. All citizens, whatever their real or imagined past history, are entitled to the protection of a grand jury proceeding."); *In re Macon Tel. Pub. Co.*, 900 F. Supp. 489, 492–93 (M.D. Ga. 1995) ("A search warrant is not a charge of criminal misconduct. Often times, innocent individuals are necessarily, but unfortunately, the target of search warrants. Any smear upon an innocent individual's good name that would be caused by a release of information surrounding the execution of a search warrant will not be removed in the eyes of the public until such time as the grand jury refuses to return an indictment. Even then, character rehabilitation is much more difficult than denigration caused by revealing information relative to an investigation of that person.").  I take no position on whether this authority is applicable here since the issue has not been raised by Mr. Bernabe or briefed by either side.  The question of sealing is thus best left to be addressed, if ever, on another day.

What is clear today is that Mr. Bernabe has not provided authority to the Court sufficient for it to find that "expungement and shielding of this case" is authorized under the law. Accordingly, Mr. Bernabe's motion is DENIED.

Dated: May 11, 2023                               /s/
                                            Honorable Brendan A. Hurson
                                            United States Magistrate Judge